# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Case No. 2:18-CV-14156-ROSENBERG/MAYNARD

STACY LYNNE WEST, *as*
*Personal Representative of the Estate*
*of Santia Myriah Feketa, deceased*,

    Plaintiff,

v.

JOSEPH A. ZACHARZEWSKI,
*as Personal Representative of the*
*Estate of Walter Arthur Roney,*
*deceased*, *et al.*,

    Defendants.
_____/

## ORDER GRANTING PLAINTIFF'S MOTION TO CONSOLIDATE TRIAL

This matter is before the Court on Plaintiff's Motion to Consolidate for Trial [DE 110]. The Motion has been fully briefed. The Court heard argument on the Motion at the pretrial status conference on March 13, 2019. For the reasons set forth below, the Motion is granted.

A district court may consolidate for trial actions that involve a common question of law or fact. Fed. R. Civ. P. 42(a). A district court's decision to consolidate cases for trial under Fed. R. Civ. P. 42(a) is "purely discretionary." *Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985). Rule 42(a) codifies a district court's "inherent managerial power to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Id.* (quotation marks omitted).

In determining whether to consolidate cases for trial, a district court must consider whether

> the specific risks of prejudice and possible confusion are overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.

*Id.* (alteration and quotation omitted).  The court must also consider whether the risks of prejudice and confusion that a consolidated trial might cause can be alleviated by cautionary jury instructions and control over the manner in which claims and defenses are submitted to the jury.  *Id.*

As discussed on the record at the pretrial status conference, there are several compelling reasons to consolidate trial in this case with case 18-CV-14155.  First, both cases concern the exact same underlying facts—a car accident.  Second, both cases raise the same legal claims pertaining to negligence.  Third, the Defendant (and counsel for the Defendant) is the same in both cases.  Defendant argues against consolidation on the grounds that it would be prejudiced by the necessarily emotional testimony of the family of both of the Plaintiffs.  In addition to the three reasons set forth above, there are additional compelling reasons to consolidate trial in this case notwithstanding Defendant's opposition.

First, an appropriate jury instruction will address the potential prejudice to Defendant.  The Florida pattern jury instructions clearly contemplate jury instructions involving multiple decedents: husband and wife, parent and child, etc.  *See* Florida Pattern Jury Instruction 502.

Second, there is very substantial overlap in the witnesses who would be called in both cases.  As discussed on the record at the status conference, those witnesses are the families for the decedents in this case.  Stated succinctly, both families will testify in both cases regardless of whether the cases are consolidated.  Because of the tragic nature of the auto accident in this case, the Court takes into consideration not only the potential duplication of testimony—should the cases be tried separately—but also the emotional hardship on both families should the families be forced to testify twice.  Viewed in this light, witness overlap weighs strongly in favor of consolidation.

Third, as discussed at the pretrial conference, if one family tries its case first then that family will be put into a superior position in terms of the execution of a final judgment. A superior position would be achieved not only because the judgment would be earlier-in-time, but also because one family would have the potential to meet a deadline in state probate court while another family would not. The Court does not believe that the interest of justice would be served by choosing one family to obtain a final judgment prior to another family particularly when, as here, Defendant has represented to the Court that it will concede liability and trial will be limited to the quantification of damages. Thus, final judgment will be entered—the only question is when the final judgment will be entered, and how much.

Taking into considering all of the foregoing factors, the Court exercises its discretion to grant Plaintiff's motion and consolidate the instant case with case 18-CV-14155 for the purposes of trial. The risk of inconsistent adjudication of common factual and legal issues, the burden on the parties and witnesses, the utilization of judicial resources, and the potential length of trial all outweigh potential prejudice to Defendant.

**DONE and ORDERED** in Chambers, West Palm Beach, Florida, this 18th day of March, 2019.

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to Counsel of Record